UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,<br><br>        Plaintiffs,<br><br>vs.<br><br>Duluth Sheet Metal & Roofing Company,<br><br>        Defendant. | Civil File No. 14-CV-906 (MJD/LIB)<br><br>**FINDINGS OF FACT<br>CONCLUSIONS OF LAW AND<br>ORDER FOR ENTRY OF JUDGMENT** |

This matter came before the undersigned upon the Plaintiffs Motion for Entry of Judgment. A hearing was held on September 5, 2014. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed the Summons and Complaint in this matter on April 1, 2014.

1

2. Duluth Sheet Metal & Roofing Company ("Duluth Sheet Metal') was served with the Summons and Complaint, by and through Mark Jam, its authorized agent on April 7, 2014.

3. Duluth Sheet Metal failed to file and serve a response or Answer to the Summons and Complaint.

4. The Clerk entered default on May 1, 2014.

5. Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Control Board"). The Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, among other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements.

6. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements. The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).

7. The employee benefit plans are administered in accordance with the

provisions of the ERISA, as amended 29 U.S.C. § 1001, et. seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

8. On May 29, 1996, Defendant Duluth Sheet Metal & Roofing Company ("Duluth Sheet Metal") applied for membership in the Sheet Metal, Air Conditioning & Roofing Contractors' Association of Minnesota, North Dakota & South Dakota, Inc. ("SMARCA").

9. SMARCA's Board of Directors approved Duluth Sheet Metal's membership in SMARCA on July 17, 1996.

10. SMARCA's Articles of Incorporation provide that members of SMARCA delegate to SMARCA the authority to negotiate labor agreements with the Sheet Metal Workers Local No. 10.

11. SMARCA and Sheet Metal Workers' International Association Local No. 10, Duluth-Superior negotiated a collective bargaining agreement with a term of June 13, 2011 through April 28, 2013 ("Collective Bargaining Agreement") to which Duluth Sheet Metal agreed to be bound by virtue of its membership in SMARCA.

12. The Collective Bargaining Agreement contains an evergreen clause which provides as follows:

> This Agreement and Addenda Numbers Section 1 through Section 30 attached hereto shall become effective on the 13th day of June 2011 and remain in full force and effect through the 28th of April 2013 and shall continue in force from year to year thereafter unless written notice of reopening is given not less than ninety (90) days prior to the expiration date. In the event such notice of reopening is served, this Agreement shall continue in force and effect until conferences relating thereto have been terminated by either party.

13.  Notice of reopening was given but conferences relating to a new agreement have not yet been terminated by either party.  As a result, the Collective Bargaining Agreement remains in full force and effect.

14.  The Collective Bargaining Agreement requires Duluth Sheet Metal to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked employees covered by the Collective Bargaining Agreement.

15.  The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

16.   The Collective Bargaining Agreement and Trust Agreement require Duluth Sheet Metal to set forth the amount due and owing for contributions on a

remittance report to be submitted to the Control Board with Duluth Sheet Metal's monthly payment.

17. The Collective Bargaining Agreement and the Trust Agreement also require Duluth Sheet Metal to submit the remittance report and payment to the Control Board by the tenth day of the following month for which the contributions are due. Any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is deemed delinquent.

18. Duluth Sheet Metal breached the terms of the Collective Bargaining Agreement and Trust Agreement by failing to timely submit the remittance reports and contributions for the period of February 2014 through April 2014 ("Delinquency Period").

19. Pursuant to the remittance reports untimely submitted by Duluth Sheet Metal for the Delinquency Period, $37,250.67 is due and owing for delinquent contributions.

20. The Collective Bargaining Agreement and the Trust Agreement further state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month.

However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Fund on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

21. Liquidated damages of $7,540.13 are due and owing for the Delinquency Period.

22. Following the filing of this lawsuit, Duluth Sheet Metal made one payment in the amount of $37,250.67 for which Duluth Sheet Metal is entitled to a credit. After application of the payment, $7,540.13 remains due and owing for delinquent contributions and liquidated damages for the Delinquency Period.

23. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

24. The Control Board incurred attorneys' fees and costs totaling $1,882.39, in pursuing this delinquency. The attorneys' fees and costs incurred by the Control Board are reasonable under the circumstances and were limited to performing those services necessary for the prosecution of the Control Board's

claims.

25. The total amount due and owing for delinquent contributions, liquidated damages, and attorneys' fees and costs for the Delinquency Period is $9,332.52.

## CONCLUSIONS OF LAW

1. Duluth Sheet Metal is in default and the Control Board is entitled to entry of a money judgment.

2. Duluth Sheet Metal owes the Control Board $7,540.13 for delinquent fringe benefit contributions together with liquidated damages for the Delinquency Period.

3. Duluth Sheet Metal owes the Control Board $1,882.39 for attorneys' fees and costs.

# **ORDER**

**IT IS HEREBY ORDERED:**

1. That Plaintiffs' Motion for Entry of Judgment is granted.

2. That judgment, in the amount of $9,332.52 be entered against the Defendant and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  September 5, 2014           BY THE COURT:

                                    s/ Michael J. Davis
                                    The Honorable Michael J. Davis
                                    United States District Judge